# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-2098
_____

SEI FUEL SERVICES, INC.,

    Appellant,

    v.

STATE OF FLORIDA, DEPARTMENT
OF REVENUE,

    Appellee.

_____


On appeal from the Circuit Court for Leon County.
Angela Cote Dempsey, Judge.


October 22, 2025

ROBERTS, J.

Appellant SEI Fuel Services, Inc. appeals the circuit court's final order dismissing its petition for writ of mandamus. The circuit court concluded that it did not have jurisdiction and that Appellant did not demonstrate entitlement to mandamus relief. We disagree and reverse.

The parties were recently before this Court in *SEI Fuel Services v. Florida Department of Revenue*, 379 So. 3d 607 (Fla. 1st DCA 2024) ("*SEI Fuel I*"), wherein Appellant appealed the Department of Revenue's denial of its refund claim for a $3,179,675.11 double-payment in motor fuel taxes under section 206.41, Florida Statutes. Although the Department agreed that a

double-payment had been made, it took the position that Appellant was not due a refund. We held that Appellant was due a refund under section 215.26(1), Florida Statutes, which allows for a refund for an overpayment of tax, a payment of tax where no tax is due, and any payment of tax made in error. We reversed and remanded for the issuance of a refund of the double payment.

Shortly after we issued our mandate in *SEI Fuel I*, Appellant was issued a warrant for only the refund amount. Remarkably, the warrant did not include interest, as clearly required by section 213.255, Florida Statutes, which provides:

> Interest shall be paid on overpayments of taxes, payment of taxes not due, or taxes paid in error, subject to the following conditions:
>
> (1) A refund application must be filed with the department within the time specified by s. 215.26.
>
> (2) A refund application shall not be processed until it is determined complete. A refund application is complete if it is filed on a permitted form and contains:
>
> (a) The taxpayer's name, address, identifying number, and signature.
>
> (b) Sufficient information, whether on the application or attachments, to permit mathematical verification of the amount of the refund.
>
> (c) The amount claimed.
>
> (d) The specific grounds upon which the refund is claimed.
>
> (e) The taxable years or periods involved.
>
> (3) Within 30 days after receipt of the refund application, the department shall examine the application and notify the applicant of any apparent errors or omissions and request any additional information the department is

2

permitted by law to require. An application shall be considered complete upon receipt of all requested information and correction of any error or omission for which the applicant was timely notified, or when the time for such notification has expired, whichever is later.

(4) Interest shall not commence until 90 days after a complete refund application has been filed and the amount of overpayment has not been refunded to the taxpayer or applied as a credit to the taxpayer's account[.]

. . . .

(6) Interest shall be paid until a date determined by the department which shall be no more than 7 days prior to the date of the issuance of the refund warrant by the Chief Financial Officer.

. . . .

(12) The rate of interest shall be the adjusted rate established pursuant to s. 213.235, except that the annual rate of interest shall never be greater than 11 percent. This annual rate of interest shall be applied to all refunds of taxes administered by the department except for corporate income taxes governed by ss. 220.721 and 220.723.

Florida Administrative Code Rule 12-26.004(2)(b) also provides:

If a refund is not paid or credited to the taxpayer's account within 90 consecutive calendar days of receipt of the completed application, . . . the Department must pay interest pursuant to Sections 213.235 and 213.255, F.S., starting with the 91st day through the day that the voucher requesting a warrant for the refund amount is submitted to the Comptroller.

In *SEI Fuel I*, the Department never argued that Appellant's refund application did not meet all the conditions in section 213.255 or that it was not complete, so it cannot make that

argument now. The refund application was therefore complete when it was filed on September 24, 2019.

Appellant wasted no time sending a demand letter for interest to the Department, but the Department did not respond. Having no other adequate remedy at law, Appellant properly sought mandamus relief in the circuit court. In its final order, the circuit court erroneously concluded that it did not have jurisdiction under section 72.011(1)(a), Florida Statutes, which provides:

> A taxpayer may contest the legality of any assessment or denial of refund of tax, fee, surcharge, permit, interest, or penalty provided for under . . . chapter 206 . . . by filing an action in circuit court; or, alternatively, the taxpayer may file a petition under the applicable provisions of chapter 120. However, once an action has been initiated under s. 120.56, s. 120.565, s. 120.569, s. 120.57, or s. 120.80(14)(b), no action relating to the same subject matter may be filed by the taxpayer in circuit court, and judicial review shall be exclusively limited to appellate review pursuant to s. 120.68; and once an action has been initiated in circuit court, no action may be brought under chapter 120.

Although Appellant contested the Department's denial of its refund claim through a chapter 120 proceeding, section 72.011(1)(a) does not apply here. This is a separate action for interest that became ripe, due, and owing when the warrant was issued for the refund.

Accordingly, we reverse and remand to the circuit court with directions to grant the petition for writ of mandamus and determine the amount of interest owed to Appellant in accordance with section 213.255 and rule 12-26.004(2)(b).

REVERSED and REMANDED with directions.

OSTERHAUS, C.J., and WINOKUR, J., concur.

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Michael Joseph Bowen and Howard Jay Harrington of Akerman LLP, Jacksonville; Lorie Anne Fale of Akerman LLP, Miami; Kristen Marie Fiore of Akerman LLP, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Randi Ellen Dincher, Senior Assistant Attorney General, Tallahassee; Jacek P. Stramski, Special Counsel, Department of Revenue, Tallahassee, for Appellee.